## SQUIRE HAMMONDS v. COMMONWEALTH.

**Criminal Law—Malicious Stabbing.**

The offense of malicious stabbing with intent to kill is not a degree of homicide. All kind of offenses where the death of a human being results are degrees of homicide.

**Homicide.**

Where a person with malice aforethought and with purpose to kill deceased, aided and abetted, then such person is guilty of murder as principal whether his conduct resulted in the death of the deceased or merely aided in such result.

**Homicide.**

When two principals in the murder of a person, both wounded the deceased with their knives by cutting him in sudden heat and passion both are guilty of manslaughter, and the offense of malicious stabbing with intent to kill was merged in the higher offense of murder or manslaughter.

### APPEAL FROM OWEN CIRCUIT COURT.

### November 16, 1876.

OPINION BY JUDGE ELLIOTT:

Upon an indictment by which the appellant was charged with the murder of one Robert Martin, he was tried and sentenced to the penitentiary for five years by the judgment of the Owen criminal court; and having filed grounds and moved for a new trial of said cause, and the same being overruled, he appeals to this court and asks a reversal of said judgment of conviction.

The evidence conduces to prove that in an encounter between one Smith and Robert Martin, the said Smith took his life by stabbing him with a knife in the back and breast, and other places on the body; and it is charged that appellant was present and also stabbed the deceased, and therefore is guilty as one of the principal offenders in his murder.

After defining the offense of murder, and voluntary and involuntary manslaughter, the court instructed the jury by instruction No. 4, in substance, that if they believed from the evidence beyond a reasonable doubt that appellant, with malice aforethought and not in his necessary self-defense, stabbed and wounded Robert Martin with the intention to kill him, the said Martin, of which wounds he did not die, then his punishment shall be confinement in the penitentiary not less than one nor over five years.

By Sec. 258, Criminal Code, it is provided that upon an indictment for an offense consisting of different degrees the defendant may be found guilty of any degree not higher than that charged in the indictment, and may be found guilty of any offense included in that charged in the indictment. By Sec. 259, Criminal Code the degrees of offenses are defined, and it will be seen that the offense of malicious stabbing with intent to kill is not a degree of the offense of homicide, but that all kinds of offenses, where the death of a human being results, are degrees of the said homicide. The section referred to makes malicious stabbing a degree of the offense of injury to the person, and not a degree of the offense of homicide.

If Smith was guilty of murder in the killing of the deceased, and the appellant, with malice aforethought and with purpose to kill deceased, aided and abetted, then he and Smith are both principals in the murder of deceased, and if they both wounded deceased with their knives by cutting him in sudden heat and passion, then they were both guilty of manslaughter; and the offense of malicious stabbing with intent to kill or the offense of stabbing in sudden heat and passion was merged in the higher offense of murder or manslaughter, for we take it that he who wrongfully aids in the killing of his fellow, whether the wounds inflicted by him produce his death or not, cannot be convicted of the offense of assaulting or wounding him, because said minor offenses are merged in the offense of killing or aiding and abetting the same.

The second instruction is erroneous, as it fails to define voluntary manslaughter, because it requires that a man shall feloniously and maliciously kill another in order to be guilty of manslaughter. The court erred in passing sentence on the appellant less than six hours after the verdict of the jury was received in the court, but this is not a reversible error. Sec. 278, Criminal Code.

Wherefore the judgment of conviction is *reversed* and cause remanded for further proceedings consistent herewith.

*A. Duvall, Strother & Orr, Montgomery & Page, for appellant.*
*Moss, for appellee.*